UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRETT FENSKE and HEATHER FENSKE,

                Plaintiffs,

v.

INTEGRITY PROPERTY & CASUALTY
INSURANCE COMPANY,

                Defendant.

Civil No. 22-679 (JRT/DJF)

**ORDER DENYING SUMMARY JUDGMENT AND RETURNING AWARD TO APPRAISAL PANEL FOR CLARIFICATION**

Alexander M. Jadin and Bradley K. Hammond, **SMITH JADIN JOHNSON, PLLC,** 7900 Xerxes Avenue South, Suite 2020, Bloomington, MN 55431, for Plaintiffs.

Beth A. Jenson Prouty, **ARTHUR CHAPMAN**, 81 South Ninth Street, Minneapolis, MN 55402, for Defendant.

Plaintiffs Brett and Heather Fenske ("the Fenskes") bring this action against defendant Integrity Property & Casualty Insurance Company ("Integrity") for breach of contract, seeking declaratory judgment after Integrity failed to pay the full insurance award the Fenskes allege they are owed due to hail damage to their home. The Fenskes now ask the Court to grant their Motion for Summary Judgment on all claims. Because the language from the Appraisal Panel is ambiguous, the Court will return the Appraisal Award to the Appraisal Panel for clarification and further findings. Additionally, because genuine issues of fact remain as to whether equivalent matching tiles exist, the Court will deny the Fenske's Motion for Summary Judgment.

**BACKGROUND**

**I.     FACTS**

The Fenskes own real property that is insured by Integrity. (Compl. ¶ 5, Mar. 15, 2022, Docket No. 1.) Their policy provides that the Fenskes are entitled to "the cost to replace the damaged dwelling or other structure with equivalent construction." (Prouty Aff., Ex. F, June 21, 2022, Docket No. 29-1.) A wind and hailstorm damaged part of the property's garage roof on August 9, 2020, and such damage is covered by the Fenskes' insurance policy. (*Id.* ¶¶ 4, 5.) The Fenskes reported the roof damage to Integrity in a timely manner and gave Integrity access to the property to investigate and adjust the damage. (*Id.* ¶ 6.) Integrity inspected the property, but the parties could not agree upon an appropriate award. (*Id.* ¶¶ 6, 8.)

On August 18, 2021, the parties participated in an appraisal pursuant to the insurance policy's appraisal provision. (*Id.* ¶ 7.) The Appraisal Panel wrote an award document ("Appraisal Award") that states the cost of repairing the garage roof. (Hammond Aff., Ex. E, June 2, 2022, Docket No. 19-5.) The Appraisal Award indicates that 7.5% of the roof tiles were damaged. (*Id.*) The Lost Replacement Cost (LRC) to repair the damaged 7.5% of the roof is $20,600.00, and the Lost Actual Cash Value (LACV) is also $20,600.00. (*Id.*)

The parties disagree, however, on whether the Appraisal Award indicates that the entire roof must be replaced and whether the panel considered the existence or

availability of matching tiles.[1] At the bottom of the Appraisal Award, the Panel handwrote, "If matching is considered the cost of the entire roof is" $155,000.00 LRC and $31,000.00 LACV. (*Id.*) While the Fenskes interpret this statement to mean that the Appraisal Panel determined there were no equivalent roof tiles to replace the damaged ones, Integrity interprets the statement to mean that **if** the new tiles' color cannot match the existing tiles, **then** the Fenskes will be entitled to the greater award.

Based upon its interpretation of the Appraisal Award, Integrity paid the Fenskes $20,600.00 to repair the 7.5% of the garage roof that was damaged during the storm. (Hammond Aff., Ex. F at 1.) Several months later, the Fenskes responded to Integrity and claimed they were entitled to the greater award. (Prouty Aff., Ex. E.) For the first time, the Fenskes stated they needed to replace the entire roof because matching tiles do not exist. (*Id.*) Integrity refused. (Prouty Aff., Ex. G.)

**II.    PROCEDURAL HISTORY**

The Fenskes brought this action against Integrity in the Fourth Judicial District court in the County of Hennepin, Minnesota to resolve issues surrounding payment of the Appraisal Award and pre-award interest. (Notice of Removal, Ex. A, Mar. 15, 2022, Docket No. 1.) Integrity removed the matter to this Court. (Notice of Removal, Ex. B.)

---

[1] "Color matching" describes the process of replacing both damaged and undamaged property in order to provide a comparable color match. *See Cedar Bluff Townhome Condominium Ass'n, Inc. v. American Family Mut. Ins. Co.*, 857 N.W.2d 290, 291 (Minn. 2014). Color matching often occurs when the undamaged property's color is no longer available for purchase.

The Fenskes filed this Motion for Summary Judgment and Declaratory Judgment on June 2, 2022. (Pls.' Mot. Summ. J., June 2, 2022, Docket No. 16.) They argue that they are entitled to the $155,000.00 award to replace the entire roof because the Appraisal Award is unambiguous and binding. (Pls.' Mem. Supp. Mot. Summ. J. at 1, June 2, 2022, Docket No. 18.) From their perspective, the fact that the Appraisal Panel included the cost to color match tiles implicitly indicates that there were no reasonably matching materials available to repair the existing roof tiles. (Pls.' Reply Mem. at 3, July 7, 2022, Docket No. 35.) Moreover, the Fenskes' insurance policy does not exclude matching. (Pls.' Mem. Supp. Mot. Summ. J. at 9.) Alternatively, the Fenskes urge the Court to return the Appraisal Award to the Appraisal Panel for clarification if it is ambiguous. (Pls.' Reply Mem. at 1.) In response, Integrity argues there is still a question of fact regarding the availability of equivalent materials to match the new tiles to the existing tiles. (Def.'s Mem. Opp. Mot. Summ. J. at 1, June 23, 2022, Docket No. 31.)

## DISCUSSION

### I.   STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

**II.    ANALYSIS**

**A.  Ambiguous Appraisals**

In Minnesota, appraisal awards are treated as arbitration awards and, as such, must be enforced by the Court unless they are the result of fraud, malfeasance, or other wrongdoing. *Mork v. Eureka-Security Fire & Marine Ins. Co.*, 42 N.W.2d 33, 38 (Minn. 1950); *David A. Brooks Enterprises, Inc. v. First Systems Agencies*, 370 N.W.2d 434, 435 (Minn. Ct. App. 1985) (explaining that appraisal awards should be treated as arbitration awards). Minnesota has a strong public policy in favor of appraisals because they provide a "plain, speedy, inexpensive and just determination of the extent of the loss." *Quade v. Secura Ins.*, 814 N.W.2d 703, 707 (Minn. 2012) (citing *Kavli v. Eagle Star Ins. Co.*, 206 Minn. 360, 364, 288 N.W. 723, 725 (1939)). In fact, Minnesota has gone so far as to mandate

appraisal clauses in insurance policies that protect against damage caused by hail, such as the Fenskes' policy. *See* Minn. Stat. § 65A.26. The Minnesota Arbitration Act provides that a party to an arbitration proceeding "may file a motion with the court for an order confirming the award, at which time the court shall issue such an order unless the award is modified or corrected pursuant to section 572B.20 or 572B.24 or is vacated pursuant to 572B.23." Minn. Stat. § 572B.22.

However, Minnesota Supreme Court, Eighth Circuit, and U.S. Supreme Court precedent tend to show that **ambiguous** appraisal awards should be returned to the appraisal panel for clarification. *See United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960) (returning an arbitration award to an arbitrator for clarification); *Herll v. Auto-Owners Ins. Co.*, 879 F.3d 293, 296 (8th Cir. 2018) ("A reviewing court is prohibited from ignoring the ambiguity and summarily affirming the [appraisal] award") (citing *Menahga Educ. Ass'n v. Menahga Independent School Dist. No. 821*, 568 N.W.2d 863, 869 (Minn. Ct. App. 1997)) (internal quotation marks omitted). *See also* Minn. Stat. § 572B.20(d)(3) (indicating that ambiguous awards may be submitted to an arbitrator to consider whether to modify, correct, or clarify the award); *Hilltop Constr., Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 240 (Minn. 1982) (applying the same Minnesota Statute to insurance awards and noting that "the trial court does have the authority to compel arbitrators to clarify their awards") (citing *University of Alaska v. Modern Construction, Inc.*, 522 P.2d 1132, 1136 (Alaska 1974)).

The Eighth Circuit addressed this issue at length in *Herll*. There, a home was damaged in a storm, and the homeowners submitted an insurance claim to their insurer. *Herll*, 879 F.3d at 294. The parties conducted an appraisal and the resulting appraisal award directed to "see above" for the award amount but did not clarify which of the multiple preceding dollar values it was referencing. *Id.* The District of Minnesota summarily awarded the homeowners the greater of the preceding dollar amounts. *Id.* at 295. The Eighth Circuit later vacated the summary judgment and remanded the case with directions to resubmit the award to the appraisal panel because the appraisal award was ambiguous. *Id.* at 296. The Eighth Circuit explained that the award was "reasonably susceptible of more than one interpretation, and [was] therefore ambiguous." *Id.* (citing *Art Goebel, Inc. v. N. Suburban Agencies, Inc.*, 567 N.W.2d 511, 515 (Minn. 1997)). *Herll* indicates that if an appraisal award is ambiguous, then summary judgment is inappropriate, and the appraisal award should be returned to the appraisal panel for clarification.

Applying that direction from the Eighth Circuit, the District of Minnesota has since remanded ambiguous appraisal awards to appraisal panels. *See, e.g.*, *Clover Leaf Farm Condo. v. Country Mutual Ins. Co.*, No. 18-2838, 2019 WL 1025251, at *4 (D. Minn. Mar. 4, 2019) ("The crux of the entire lawsuit is premised on each party's interpretation of what the Award means . . . . Under these circumstances, the correct action is not for the court to weigh the merits under the law but instead to resubmit the award to the arbitrator's

bargained-for-construction of facts and decision under the contract") (internal quotation marks and citation omitted). Subsequently, the Court should determine if the Fenskes' Appraisal Award is ambiguous before granting summary judgment.

**B.  The Fenskes' Appraisal Award**

Applying the standard set forth in *Herll*, the Court must return the Fenskes' Appraisal Award to the Appraisal Panel if it is reasonably susceptible to more than one interpretation. The Court finds that it is ambiguous as to whether the Appraisal Panel found that no color-matching tiles were available. Accordingly, this matter must be remanded to the Appraisal Panel for clarification.

In Minnesota, appraisal awards may include color matching. Indeed, the parties do not dispute this, nor do they dispute that if the Appraisal Award indicates no suitable color match is available, then the Fenskes **are** entitled to insurance proceeds to replace the entire roof. *See also Cedar Bluff Townhome Condominium Association v. American Family Mutual Insurance Company*, 857 N.W.2d 290, 291, 296 (Minn. 2014) (awarding an insurance policyholder the full value of loss to replace all siding, rather than merely a percentage to replace only the damaged siding, because the appraisal panel explicitly determined that no suitable color match was available). The Minnesota Supreme Court has held that the insurer's obligation to replace damaged property with property of "comparable material and quality" may require it to replace both damaged and

undamaged property to achieve a reasonable—though not identical—color match. *Id.* at 294.

Here, the heart of this action is what the Appraisal Panel meant by the phrase, "if matching is considered." The Fenskes insist that the phrase unambiguously shows the panel considered color matching and made a finding of fact that no suitable match was available. Were that the case, the parties agree the Fenskes would be entitled to the $155,000.00 award because color mismatch is a type of physical loss covered by their insurance policy. *See Cedar Bluff*, 857 N.W.2d at 295–96. On the other hand, Integrity insists that "if matching is considered" unambiguously conveys that the panel did **not** make a finding of fact on color matching. If that were the case, the Fenskes **are not** entitled to the full $155,000.00 award unless they **first** show that no reasonable color match is available. Ultimately, the Fenske's Appraisal Award is unclear regarding if the Appraisal Panel even considered if matching roof tiles are available.

Both parties' interpretations of the statement "if matching is considered" are reasonable. On the Fenske's interpretation, it is a reasonable that it means the panel investigated color matching and determined that no suitable color match is available. Alternatively, Integrity's interpretation that it means the panel had not yet made any findings of fact as to the availability of color matching and simply punted that

investigation to the two parties to determine on their own is also reasonable.[2] Because the parties' differing interpretations are both reasonable, the Court finds that the statement "if matching is considered" is ambiguous.

Because the Fenskes' and Integrity's reasonable interpretations of the Appraisal Award render it ambiguous, the Court will return the Appraisal Award to the Appraisal Panel for clarification on whether the panel considered the existence and availability of matching roof tiles. Additionally, because Minn. Stat. § 572B.20 gives this Court broad authority to instruct the Appraisal Panel to "modify or correct the award," the Court instructs the Panel to make a final determination on whether color matching tiles are available and whether the insurer must fully replace the roof for a comparable color match. Integrity and the Fenskes should be permitted to present additional evidence for the Appraisal Panel to make this finding.

### C. Equivalent Tile Matching is a Genuine Issue of Material Fact

In addition to returning the Appraisal Award to the Appraisal Panel for clarification, the Court will deny the Fenskes' Motion for Summary Judgment because genuine issues of material fact remain as to the availability of comparable roof tiles. A fact is material if

---

[2] Though Integrity attempts to bring in clarification from the appraisal panelists themselves, the Court is barred from considering such hearsay in a summary judgment motion. *Brunsting v. Lutsen Mountains Corp.,* 601 F.3d 813, 817 (8th Cir. 2013) (noting inadmissible hearsay cannot be considered in a motion for summary judgment); Fed. R. Evid. 801 (defining hearsay).

it might affect the outcome of the action, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. Where the party moving for summary judgment "fails to satisfy its burden to show initially the absence of a genuine issue concerning any material fact, summary judgment must be denied even if no opposing evidentiary matter is presented." *Foster v. Johns-Manville Sales Corp.*, 787 F.2d 390, 393 (8th Cir. 1986).

Here, the Fenskes have failed to satisfy their burden of showing that no color-matching tiles exist. The existence of matching roof tiles is a material fact because if matching tiles exist, then the Fenskes are only entitled to $20,600.00 to replace the damaged 7.5% of their roof. If matching tiles do not exist, then they are entitled to the full $155,000.00 for matching purposes. But the Fenskes have not provided any evidence that matching tiles are unavailable. They have not submitted any affidavits, brochures, or other documents that demonstrate they would be unable to purchase a comparable roof tile color. In fact, Integrity has presented evidence to the contrary: The Fenskes already had mismatched tiles, so replacing the damaged ones with similarly mismatched tiles could, in fact, be comparable.

Viewing the facts of this case in the light most favorable to Integrity, the Court finds that genuine issues of fact remain as to the existence and availability of comparable roof

tiles and will therefore deny the Motion for Summary Judgment. However, following clarification by the Appraisal Panel, a renewed motion may be warranted.[3]

## CONCLUSION

Because the Fenskes' Arbitration Award is ambiguous regarding if the Appraisal Panel determined the availability and existence of matching tiles, the Court will return the Award to the Panel for clarification. If the Panel did not determine the existence of matching tiles, the Court requests that the Appraisal Panel make such a determination. Moreover, because the Panel did not settle the issue of material fact about the availability of color-matching tiles, and the Fenskes' have not provided any other evidence regarding availability, the Court will deny the Fenskes' Motion for Summary Judgment and stay any interest award until the principal amount owed is settled.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment [Docket No. 16] is **DENIED**. Additionally, the Court orders the return of the Appraisal Award to the Appraisal Panel for clarification on whether the Appraisal Panel considered the existence and

---

[3] At this time, the Court declines to award any pre-award interest. Though Integrity does not dispute that the Fenskes may be entitled to some interest, because the Court is not prepared to rule on a total judgment award—which would be the basis for computing interest under Minn. Stat. § 549.09 Subd. (1)(c)—the Court will stay any judgment on interest awards until the final insurance proceeds are settled.

availability of comparable roof tiles and, if not, instructs the Panel make such a determination.

DATED:  January 13, 2023  
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　___ /s/ John R. Tunheim ___  
　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　United States District Judge